UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN WEST,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. JESUS GARCIA, OFFICER ARAMIS ALBA, OFFICER PHILLIP CALICCHIO, OFFICER WAYNE BIZARRO, and OFFICER JOSE CASTELLANOS,<br><br>    Defendants. | Civil Action Number: 2:07-03814<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

This Section 1983 civil rights action is brought by pro se Plaintiff Alan D. West against defendants Sergeant Jesus Garcia, Officer Aramis Alba, Officer Phillip Calicchio (pled "Callichio Alba"), Officer Wayne Bizarro, and Officer Jose Castellanos (pled "Canteian"). The gravamen of the Amended Complaint is that the defendants, in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights, used excessive force in effectuating an arrest of Plaintiff. More specifically, Plaintiff alleges that he sustained serious injuries from defendants who brutally beat him while the Plaintiff's hands were handcuffed behind his back and while he was on the ground.

Presently before the Court are several motions for summary judgment. *See* Doc. Nos. 113 (Alba), 115 (Bizarro), 118 (Castellanos), 119 (Garcia – merely joining the other motions), and 120 (Calicchio). Plaintiff has filed no responsive papers and the time for making a responsive filing has passed. For the reasons elaborated below, the motions for summary judgment will be **GRANTED**, and this action will be **TERMINATED**.

### I.    BACKGROUND

On May 29, 2007, Plaintiff was driving a stolen vehicle. Sergeant Garcia and several other defendants pursued Plaintiff, who abandoned his car and attempted to escape from the officers pursuing him. Plaintiff alleges that the defendants caught him, handcuffed him behind his back, and brutally beat him while he was on the ground. In deposition testimony,

Plaintiff was unable to specifically identify which officers beat him or which defendants first appeared on the scene after Plaintiff had been taken to the hospital, that is, after his arrest had been effectuated.

Defendants' papers (motion papers and statements of material fact) do not squarely deny that Defendants beat Plaintiff while he was handcuffed behind his back and on the ground, a claim, which if supported by evidence, would, on its face, support denying the motions, thereby permitting this action to proceed to trial. Rather, Defendants' papers argue (and support their argument by pointing to some evidence) to the effect that: (1) Plaintiff sought to elude the police officers who were attempting to arrest him; (2) Plaintiff hid under a porch; (3) Plaintiff resisted arrest and struggled in a violent manner; and (4) Plaintiff subsequently pled guilty to several crimes and was incarcerated at the time he filed this action. Defendants argue in their motion papers that summary judgment should be granted because Plaintiff cannot establish the elements of an excessive force claim, because the defendants are entitled to qualified immunity, and because *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any Section 1983 claim.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477, U.S. at 249; *see also Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical

doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.2d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007). If the nonmoving party has the burden of proof at trial, the party moving for summary judgment is not required to "support its motion with affidavits or other similar material negating the opponent's claim," in order to discharge this "initial responsibility." *Celotex*, 477 U.S. at 323. In this situation, the movant merely "'show[s]' -- that is, point[s] out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## III.  ANALYSIS

At the outset, the Court rejects the argument that because Plaintiff pled guilty to the crimes for which he was arrested, he is barred from bringing a Section 1983 action for excessive force in connection with his arrest. *See Garrison v. Porch*, C.A. No. 08-2453, 2010 WL 1511394, at *3-4 (3d Cir. April 16, 2010) (NOT PRECEDENTIAL). Likewise, the Court rejects the qualified immunity defense. If Plaintiff had evidence to support his factual allegation, that is, if he had evidence tending to establish that Defendants brutally beat him while he was on the ground and handcuffed behind his back, a jury could find that the force used was excessive. Such conduct, if Plaintiff posed no threat to the arresting officers, is not consistent with well-established law and a qualified immunity defense, therefore, cannot succeed at the summary judgment stage. *See Pearson v. Callahan*, --- U.S. ----, 129 S. Ct. 808 (2009). In making their qualified immunity defense, Defendants do not squarely contest the facts put forward by Plaintiff; rather, they argue that even if those facts were true, the qualified immunity defense succeeds. Couched in these limited terms, the defense does not succeed.

Defendants remaining argument is on stronger grounds. Defendants argue that Plaintiff cannot establish the elements of his excessive force claim, and Plaintiff has failed to respond to Defendants' moving papers. Where, as here, a party fails to respond to a motion for summary judgment, the Court applies the standard laid out in Rule 56(e)(2), in N.J. L.R. 56.1, and in *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990). In *Anchorage Assocs.*, the Third Circuit held:

> Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of

law. Where the moving party does not have the burden of proof on the relevant issues, this means that the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law.").

*Id*. at 175.

An excessive force claim (incorporated against the States by the Due Process Clause of the Fourteenth Amendment, and enforced under Section 1983) is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under [the more general] substantive due process standard." *Graham v. Connor*, 490 U.S. 386 (1989). The burden of proof in regard to establishing the elements of an excessive force claim lies with Plaintiff. *See Edwards v. City of Philadelphia*, 860 F.2d 568, 572 (3d Cir.1988). Because the burden of proof is on Plaintiff, Defendants need not support their position with affidavits or other evidence. It is enough for them to argue, in good faith and consistent with Rule 11, that Plaintiff lacks evidence to support his claim. Plaintiff has failed to respond to these arguments. The Court has done its best to cull the facts from the pro se Plaintiff's (and Defendants') filings and to construe Plaintiff's claim liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But Plaintiff has not even put forward the record – affidavits and depositions taken to date – from which the Court could cull the entire record. In these circumstances, it would appear that Defendants' argument succeeds because there is no record evidence before the Court supporting the elements of Plaintiff's excessive force claim. Furthermore, in Plaintiff's deposition, he is unable to squarely identify those officers who caused the alleged injuries. For that reason too, Plaintiff's claim would seem to fail. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting personal involvement requirement to establish a constitutional tort).

## IV.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** each moving defendant's motion for summary judgment. *See* Doc. Nos. 113 (Alba), 115 (Bizarro), 118 (Castellanos), 119 (Garcia), and 120 (Calicchio). This action is **TERMINATED**. An appropriate order accompanies this memorandum opinion.

                                                       s/ William J. Martini
**DATE: October 8, 2010**                         **William J. Martini, U.S.D.J.**